THE BOARD OF COMMISSIONERS OF THE ILLINOIS AND MICHIGAN CANAL, plaintiffs in error *v.* JOHN CALHOUN, defendant in error.

*Error to Cook.*

In a sale of canal lots or lands, under the act of January 9th, 1836, a special notice of the terms of sale was read, which among other things declared, "That in case any bidder shall fail to comply with the terms of sale, during the days of sale, on which the sale of the lot is made, his bid will be forfeited, and the lot resold,—the first purchaser being held accountable to the Commissioners for any loss that may accrue from the sale; but entitled to no profit therefrom:" *Held* that the condition was unauthorized by law and void.

In the sales of canal lots or lands under the act of January 9th, 1836, the Canal Commissioners had no authority to annex any other conditions or terms than those provided in said act, and the act of Congress in relation to the duties of Registers and Receivers upon the sale of the public lands of the U. S.

A count in a declaration against a purchaser of canal lands or lots, for failure to complete the purchase, under the act of January 9th, 1836, must contain an averment that the defendant purchased the lot at a public sale, and that he was the highest bidder therefor.

THIS cause was heard in the Court below at the May term, 1837, before the Hon. John Pearson. Judgment was rendered for the defendant in error.

JAMES GRANT, for the plaintiffs in error.

T. FORD, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

The question presented for consideration in this case, involves the regular execution of the powers of the Board of Canal Commissioners, relative to the sale of lots in the town of Chicago. The declaration of the plaintiffs contains five counts, each of which was demurred to separately. The first and third set forth a public sale of a lot in the town of Chicago, to the defendant, for $20,000 as the highest bidder, at the sale made by an auctioneer, as the agent of the Board.

That at that sale a special notice of the terms of sale was read, which among other things declared, "That in case any bidder shall fail to comply with the terms of sale, during the days of sale, on which the sale of the lot is made, his bid will be forfeited, and the lot resold,—the first purchaser being held accountable to the Commissioners for any loss that may accrue from the sale; but entitled to no profit therefrom." The plaintiffs aver a refusal by the defendant to complete the purchase, and make payment of the amount required to be paid, according to the terms of the sale; and that in pursuance of the conditions annexed to the sale, and in consequence of such refusal, they resold the lot at a subsequent public sale, for a much less sum than the amount bid by

2R*

the defendant. To recover this difference, the present action is brought. The second, fourth, and fifth counts are for a sale by the plaintiffs, and an agreement by the •defendant, to purchase and take the lot, without reference to the special conditions, and do not aver that the sale was a public one. The Circuit Court sustained each of the demurrers; and this is the cause of error now assigned.

To understand correctly the decision of the Circuit Court, it will be necessary to examine the act creating the Board of Canal Commissioners, and more particularly such portions of it as prescribe their duties with reference to the disposition of the lots of which the one in question formed a part; and, also, an act of Congress in connexion therewith. By the 33d section(1) of the "*Act for the construction of the Illinois and Michigan Canal,*" approved 9th January, 1836, it is provided, that the Commissioners shall, on the twentieth day of June then next, proceed to sell the lots in the town of Chicago, as in their judgment will best promote the interest of the canal fund; and before making such sale, public notice shall be given thereof in five newspapers, at least eight weeks prior to any sale. It is further provided, that if no sale be made on the day named, such sale may be made at any time thereafter, on giving a similar notice, and upon the terms in the act specified.

The 34th section provides for the affixing a value to each lot, and forbids its being sold for less than such value; and that all lots not sold on the day of offering, shall be again advertised for sale; and shall continue to be advertised for sale, until the whole are sold. It further declares, that no lot shall be sold otherwise than at public sale, to the highest bidder. The 36th section declares, that "In all sales of canal lots, the Secretary and Treasurer of the Board, shall act as Register and Receiver; and shall be governed by the same rules that now govern Registers and Receivers in the United States' Land Offices in this State, except as in the act is provided." The act of Congress of the 24th April, 1820, section 2d, provides, that "If any person, being the highest bidder at public sale for a tract of land, shall fail to make payment therefor, on the day on which it was purchased, it shall be again offered at public sale, on the next day of sale, and such person shall not be the purchaser of that or any other tract offered at such sale."

By the provisions of the act referred to, creating the Canal Board, it will be obvious that the Commissioners were not authorized to annex to the conditions of the sale, the terms imposed by the notice given. The 2d section of the act of Congress, having been the mode adopted by the 36th section of the act quoted, for the government of the sales, they were not at liberty to impose

(1) Acts of 1836, 150; Gale's Stat. 120.

others, or substitute those that would impose conditions of the character described. The refusal by the purchaser to pay for the lot in the manner provided by law, on the day of sale, required them to put up the lot again for a re-sale, and to prohibit such purchaser refusing to pay for the lot previously purchased, from being a bidder for any other lot on the day of sale.

It will be perceived that unless this rule was adopted, under the provisions of the section of the act of Congress referred to, there was no power whatever vested in the Commissioners, to sell the lot on a subsequent day, without considering it as an unsold lot; and again advertising it, as in the case of the original offering of lots for sale.

The 33d section of the act creating the Board, declaring that the sale of lots should be made on the 20th day of June, and not providing for a continuance of the sales from day to day, would not have authorized the sales from day to day, unless another portion of the act of Congress, providing for the sales of the public lands, be also adopted, which authorizes the continuance for two weeks. The acts of Congress relative to the duties of the Registers and Receivers, in regard to the sales of the public lands, having been made applicable to the sales by the Board of Commissioners, it was probably considered unnecessary to declare that the sales might be continued for a specified length of time. If this reasoning be correct, it follows as a consequence, that by the adoption of the penalty of forfeiture of the bid of the delinquent purchaser, and the prohibition to become a purchaser of any other lot at the sales, are the only terms which the Commissioners could legally impose and enforce. They had no discretion to exercise any other powers than such as are conferred by the act; and those adopted are not among those granted. The law has specially prescribed the extent and character of the consequences which should result from a failure to make payment for the lot purchased; and thus necessarily inhibited the substitution of others. The demurrer was therefore correctly sustained.

The second, fourth, and fifth counts are radically defective in not averring that the sale and purchase of the lot were at a public sale, agreeably to the provisions of the law, prescribing the mode; and that the defendant was the highest bidder therefor. The counts only show a private sale, and that is expressly prohibited by law. As there was no plea of the statute of frauds, the question whether the sale was only a parol one, and not, therefore, binding, cannot arise in this case.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*